| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XII | | |
| VERDE, LLC<br><br>Recurrida<br><br><br>V.<br><br>JOYCE E. MCELROY, SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR RICHARD JAMES MCELROY Y JOYCE E. MCELROY, ARIEL COHEN, CHANA BEN TOLILA UZON T/C/C CHANA COHEN, CONSEJO DE TITULARES DEL CONDOMINIO ESJ TOWERS, RICARDO RIVERA, RICHARD JAMES MCELROY T/C/C JAMES MCELROY, RICHARD LOGAZINO, RUTH LOPEZ T/C/C RUTH LAMA Y SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR CHANA<br><br>Peticionarios | TA2025CE00045 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br><br>Caso Núm. CA2021CV00666<br><br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente), Interferencia Torticera |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de julio de 2025.

Comparece ante nosotros el Consejo de Titulares del Condominio ESJ Towers, Chana Ben Tolila Uzon, Ariel Cohen y la Sociedad Legal de Gananciales por ambos compuesta; Richard James McElroy, Ruth López, Richard Logazino y Ricardo Rivera, en adelante, los peticionarios o el Condominio, mediante recurso de certiorari. Con su recurso también presentaron Moción Urgente en Auxilio de Jurisdicción y Paralización de Vista de Desacato. En esta

nos solicitan emitamos una orden en auxilio de jurisdicción para paralizar una vista de desacato señalada para el día 11 de julio de 2025 en su contra, hasta que atendamos el recurso ante nuestra consideración. Los hechos esenciales para comprender la decisión que hoy tomamos se detallan a continuación.

**I**

Entre las partes se han generado varias reclamaciones, unas ante el Departamento de Asuntos del Consumidor (DACo) y otras, ante los tribunales. Tan reciente como el 11 de marzo del 2025 un panel hermano[1] resolvió el caso KLAN202400854. Dicho recurso incluía varias causas de acción tales como *injunction* preliminar y permanente, daños y perjuicios, y sentencia declaratoria presentada por los peticionarios en contra de Verde LLC ("Verde") y su sucesora en derecho, Gardenia Partners LLC ("Gardenia" o "Apelada"). En esa ocasión, el Tribunal de Primera Instancia (TPI) había desestimado la causa de acción instada por los peticionarios, por estar prescrita, al amparo del Art. 42 (c) de la antigua Ley de Condominios de 2003, 31 LPRA sec. 1293f. Dicha Sentencia fue confirmada por el panel hermano sosteniendo que un acuerdo suscrito sin mediar consentimiento unánime constituye un contrato anulable, no nulo. Ante ello, el Art. 42 (c) de la Ley de Condominios de 2003, *supra*, expresamente impone un término prescriptivo de dos (2) años para presentar la acción impugnatoria. Así concluyeron que se encontraban ante un contrato anulable al que le aplicaba el término prescriptivo de dos (2) años. Concluyeron que si la actual presidente de la Junta de Directores, Chana Cohen, presentó la querella ante el DACo, el 23 de mayo de 2019, solicitando la nulidad del Contrato de Acceso, era razonable colegir que, desde esa fecha, los titulares advinieron en conocimiento de la existencia del

---

[1] Compuesto por el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

acuerdo. De tal manera que estos tenían hasta el 23 de mayo de 2021, para presentar cualquier acción de impugnación. Habiendo esperado hasta el 19 de abril de 2023 que acudieron al tribunal para impugnar el acuerdo suscrito en el 2017 e, panel hermano coligió que no había errado el TPI al concluir que la acción estaba prescrita, en virtud del Art. 42 (c) de la Ley de Condominios de 2003, *supra.*[2] El KLAN202400854 se encuentra ante el Tribunal Supremo de Puerto Rico.

Ahora bien, la controversia entre los peticionarios y Verde, LLC., en adelante Verde, tiene su génesis en el mismo contrato antes reseñado. Un contrato otorgado, según las alegaciones de los peticionarios, por el Sr. Keith St. Clair, como presidente del Consejo de Titulares del Condominio con Verde, empresa en la cual el mismo era el mismo socio principal o el único integrante, o sea como presidente de la junta y de otra parte como dueño de la corporación contratante. Según las alegaciones de los peticionarios el objeto del contrato era brindar acceso vehicular desde la avenida Isla Verde a una propiedad adquirida por Verde para ser convertida en Hotel, utilizando la entrada del Condominio a través de su área de estacionamiento y demoliendo parte de la pared de concreto que delimita la propiedad del Condominio por donde colindan las dos propiedades.

Alegan que el Contrato de Acceso que St. Clair otorgó se reconocía que Verde tenía un acreedor y que iba a constituir una hipoteca para gravar su propiedad, así como un contrato de prenda y de cesión de dicho contrato de acceso a favor de Banco Popular de Puerto Rico. Así detallan que el 18 de marzo de 2021 Verde, a través de St. Clair  como presidente o miembro único de Verde, LLC,

---

[2] No pasamos juicio sobre la razonabilidad de lo concluido por el foro hermano. Meramente lo mencionamos como parte del trámite procesal entre las partes y por estar sometido ante el Tribunal Supremo de Puerto Rico, caso número CC-25-333.

insólitamente se demandó a sí mismo como presidente del Condominio al amparo de los Art. 690 a 695 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3561 y 3566 (Injunction Posesorio) alegando que "los demandados unilateralmente, sin orden judicial, orden administrativa, ni autorización de clase alguna, erigieron una verja bloqueando el acceso antes mencionado, privando al demandante del uso y disfrute de este, solicitando se ordenara a los demandados a que removieran de inmediato la verja que bloquea el acceso entre las propiedades de Verde y el Condominio". Sostienen que en la vista de injunction posesorio ESJ Towers, representado por St. Clair como su presidente, se allanó a que se dictara sentencia a base de la prueba que él mismo presentó como representante de la parte demandante. El Consejo de Titulares, representado por St. Clair, no presentó prueba y estuvo sin abogado en la vista, ya que éste había renunciado. Así las cosas, la correspondiente Sentencia de Interdicto Posesorio ordenó que la parte demandante fuera restablecida en la posesión del acceso, que se removiera la verja colocada y que la parte demandada "en lo sucesivo se abstenga de cometer actos que tengan el propósito de inquietar a la parte demandante en la posesión pacífica de dicho acceso."

Así las cosas, Banco Popular de Puerto Rico cedió sus intereses en la hipoteca y en la prenda que se otorgó a favor de Verde Hotel Partners, LLC, quien posteriormente cambió su nombre a "Gardenia LLC." Entonces, Gardenia eventualmente ejecutó la hipoteca, obteniendo así el título de propiedad sobre el inmueble el 22 de marzo de 2022 por Escritura de Venta Judicial, Cancelación de Hipoteca y Pagaré Hipotecario.

En otro orden de cosas, pero pertinente a nuestra controversia, el 23 de mayo de 2019, la aquí codemandada, Chana Cohen, en su carácter personal y como titular de un apartamento

en el Condominio ESJ Towers, presentó una querella en el Departamento de Asuntos del Consumidor (DACo) solicitando una orden declarando nulo e inválido el Contrato de Acceso firmado por St. Clair, así como una orden para que se convocara una asamblea extraordinaria del Consejo de Titulares para que decidiera todo lo correspondiente al contrato en cuestión y acordar la reparación de la sección de la pared comunal que se derribó ilegalmente. Finalmente, el 28 de agosto de 2024, DACO emitió una Resolución declarando nulo el contrato firmado por St. Clair, resolviendo que "al no contar con la autorización expresa del dueño de la propiedad, es decir el Consejo de Titulares, [St. Clair] estaba impedido de firmar el contrato con Verde, LLC."

En la actualidad, el 13 de enero de 2025, cerca de cuatro años después de que se dictó la Sentencia de Interdicto Posesorio a favor de Verde, y cerca de un año después de la Resolución de DACO a favor de los peticionarios, Gardenia presentó una moción de desacato solicitando se encuentre incursos en desacato a los peticionarios. El 23 de mayo de 2025, el Tribunal concedió la sustitución de Gardenia por Verde y pautó una vista de desacato para el 11 de julio de 2025 para determinar "si los demandados incumplieron la sentencia dictada en el presente caso." Baso su determinación en Escritura de Venta Judicial expresando que el Alguacil del Tribunal le cedió y traspasó a Gardenia "el título de la Propiedad, con todos sus usos, derechos, accesiones y servidumbres, y sin condición ni limitación alguna." Y que "a base de lo anterior, Gardenia no tan sólo adquirió el Hotel, sino todos los derechos y títulos relacionados, incluyendo el derecho de hacer cumplir los términos de la sentencia dictada en el presente caso.

Inconformes los peticionarios solicitan nuestra intervención señalando los errores siguientes:

PRIMERO: Erró el TPI al resolver que la Sentencia de Interdicto Posesorio se transfiere con la venta de la propiedad cuando la Sentencia de Interdicto es obligatoria solamente para las partes en la acción.

SEGUNDO: Erró el TPI al sustituir a Verde LLC por Gardenia Hotel Partners LLC y programar una vista de desacato cuando la Sentencia de Interdicto Posesorio no se cedió y no es clara ni definitiva a los efectos de que la misma es aplicable a los sucesores o cesionarios de Verde LLC.

TERCERO: Erró el TPI al no aplicar el Art. 11 de Ley de Condominios que prohíbe cualquier pacto que transfiere la titularidad, posesión o control de los elementos comunes a otra persona natural o jurídica distinta del Consejo de Titulares.
CUARTO: Erró el TPI al ignorar la Resolución final y firme de DACO adjudicando la nulidad del Contrato de Acceso.

QUINTO: Erró el TPI al no concluir que Gardenia nunca tomó posesión actual del acceso de entrada al Condominio ESJ Towers.

SEXTO: Erró el TPI al no concluir que Gardenia Hotel Partners LLC no tiene legitimación activa para pedir sustitución de Verde.

SÉPTIMO: Erró el TPI por haber ordenado a los co-demandados Chana Ben Tolila Uzon t/c/c/ Chana Cohen; Ariel Cohen y la sociedad legal de gananciales por ambos compuesta; Richard James McElroy, t/c/c James McElroy; Joyce E. McElroy y la sociedad legal de gananciales por ambos compuesta; Ruth López t/c/c Ruth Lama; Richard Logazino; Ricardo Rivera en su capacidad personal, a comparecer a una vista de desacato so pena de desacato cuando Gardenia Hotel Partners LLC no presentó prueba alguna en contra de estas personas.

## II

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491; *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012). Aunque el *certiorari* se reconoce como un recurso discrecional, la sensatez del juzgador se guía por unos límites. Es decir, la discreción judicial no es irrestricta y ha sido

definida en nuestro ordenamiento jurídico como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

El primero de estos límites es la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone en lo pertinente que el recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superados los criterios de la Regla 52.1 de Procedimiento Civil, venimos llamados a ejercer nuestro criterio sujeto a lo dispuesto en el Reglamento del Tribunal de Apelaciones mediante la Regla 40, 4 LPRA Ap. XXII-B. Esta dispone que el tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III

No intervendremos, con la decisión del TPI de ordenar al peticionario a comparecer a una vista de desacato, para expresar las razones si alguna, para incumplir una sentencia final, y firme, relacionada con el recurso KLAN202400854 pendiente ante el Tribunal Supremo de Puerto Rico. El asunto planteado no está contemplado en la Regla 52.1 *supra.,* ni en los criterios del Reglamento del Tribunal de Apelaciones. Nuestra tarea no es suplantar la función adjudicativa del TPI, sino evaluar su corrección. Por esa razón es inoportuna nuestra intervención con la decisión recurrida y lo más prudente es **DENEGAR** el recurso y la solicitud de auxilio de jurisdicción.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones